UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NYTDA, INC., a/k/a
NEW YORK TRUCKING &
DELIVERY ASSOCIATION,

                                 Plaintiff,

                   -against-

CITY OF NEW YORK;
JEFFREY SHEAR, Deputy Commissioner, Treasury and
Payment Services, NYC Department of Finance;
AGNES RUSIN, Director of Parking Operations, NYC
Department of Finance; and
MARYANN CORDOVA, Fleet/Rental Unit, NYC
Department of Finance,

                             Defendants.
------------------------------------------------------------------- x

**AGREEMENT AND**
**CONSENT ORDER**

19 CV 06445 (ENV)(VMS)

      **WHEREAS,** plaintiff commenced the above-captioned action seeking damages, injunctive, and declaratory relief related to certain events regarding the New York City Department of Finance's ("DOF") Stipulated Fines and Commercial Abatement Programs ("Programs") for commercial vehicles; and

      **WHEREAS,** plaintiff subsequently brought a motion for a preliminary injunction and temporary restraining order against defendants ("PI Motion") to stay enforcement of parking summonses of plaintiffs' members in the Programs and other relief pending adjudication of plaintiff's claims; and

      **WHEREAS,** plaintiff and defendants have agreed to a temporary stay of enforcement of the summonses at issue in the action ("Subject Summonses") to the extent set forth in the instant agreement ("Agreement"), subject to the terms in the Agreement, pending the outcome of the action; and

**WHEREAS**, the terms of this Agreement expire 10-days after the issuance of a final decision or judgment of the District Court resolving this action; and

**WHEREAS**, nothing in this Agreement shall be construed as a concession by DOF with respect to any of the allegations or claims set forth in the Complaint, including that full payment of all the Subject Summonses and associated penalties at issue in this Action is not ultimately required; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for the plaintiff and for the defendants in the above-captioned matter, that plaintiff's PI motion be settled pursuant to the following terms pending the outcome of this action:

1.  The Subject Summonses[1] are categorized into the following four groups:

    - New Summonses: All summonses that are 45 days old and under as of the date the Agreement is signed by counsel for all parties ("Execution Date"), including any summonses issued to NYTDA members on or after the Execution Date.

    - Judgment Summonses: All summonses that are already 142 days old and more or in judgment as of the Execution Date. This excludes any Retroactive Summonses, see infra, issued to current and former NYTDA members while they were members of NYTDA.

    - Middle-aged Summonses: All summonses that are more than 45 days old and fewer than 142 days old as of the Execution Date issued to NYTDA members.

    - Retroactive Summonses: summonses that were issued directly to NYTDA members beginning on or around May 2019 concerning violations that occurred up to 2 years prior as alleged in the complaint at ¶¶47-48 as "invalid tickets."

---

[1] Summonses age from the DOF system entry date for the summons per 19 RCNY § 39-03.1(e)(1) and § 39-03.2(d)(1).

When used in this Agreement, the terms "New Summonses," "Judgment Summonses," "Middle-aged Summonses" and "Retroactive Summonses" shall have the meaning set forth in this paragraph.

**New Summonses**

      2.    All New Summonses must be paid in full prior to them entering judgment status[2].

      3.    If any New Summonses enter judgment status due to the untimely payment of the same, DOF reserves the right to take enforcement action. Enforcement includes all remedies available to DOF in the New York State Vehicle Traffic Law ("VTL"), the New York City Administrative Code ("Administrative Code"), and the Rules of the City of New York ("RCNY"), including but not limited to suspending the registration of vehicles with five or more judgments entered within a 12 month period, see VTL § 510(4-c), removal from the Programs for any company with more than $350 in judgment debt, and booting of vehicles with more than $350 in judgment debt if a company has been removed from the Programs.

**Judgment Summonses**

      4.    During the pendency of this Agreement, NYTDA shall pay $50,000 per month ("Monthly Payment") against outstanding Judgment Summonses starting with the first payment to be made within 15 days of the date of the Execution Date. The payments shall be made by check payable to the "New York City Department of Finance" and mailed to the below address:

> DOF Fleet and Rental Unit
> 66 John St. 3rd Fl,
> New York, NY 10038

---

[2] Summonses that have not been paid enter Judgment Status on the 142nd day after the DOF system entry date for the summons as per 19 RCNY § 39.03.1(e)(4) and § 39.03.2(d)(4).

Attn. Ms. Maryann Cordova

5.      Each Monthly Payment shall be received by the 20th day of the month. If the 20th day falls on a weekend or holiday, by the next business day.

6.      DOF shall apply such payments to the oldest Judgment Summonses first. The statute of limitations as provided for in VTL Section 241(3) shall not run on any Judgment Summonses that reach the 8-year mark since judgment entry during the time the Agreement is in effect.

7.      If NYTDA fails to timely pay any Monthly Payment, then DOF is released from any and all obligations under this Agreement and all Judgment Summonses will be subject to enforcement, which includes all remedies available to DOF in the VTL, the Administrative Code, and the RCNY, including suspension of the registration of vehicles with five or more judgments entered within a 12 month period, see VTL § 510(4-c), removal from the Programs for any company with more than $350 in judgment debt, and booting of vehicles with more than $350 in judgment debt if a company has been removed from the Programs.

**Middle Aged Summonses**

8.      DOF will not require payments for Middle-aged Summonses during the pendency of this Agreement. Upon expiration of this Agreement, these summonses would begin to age according to DOF Rules, as set forth in 19 RCNY 39-03.1(e) and 19 RCNY 39-03.2(d), subject to further order of the Court or further Agreement of the parties.

9.      DOF shall place a hold on the Middle-aged Summonses so that they do not age or become Judgment Summonses. Upon expiration of this Agreement, these summonses would begin to age according to DOF Rules, as set forth in 19 RCNY 39-03.1(e) and 19 RCNY 39-03.2(d), subject to further order of the Court or further Agreement of the parties.

**Retroactive Summonses**

10.     DOF will not require payments for Retroactive Summonses during the pendency of this Agreement.

11.     DOF shall place a hold on the Retroactive Summonses so that they do not age and, to the extent any Retroactive Summonses have already become Judgment Summonses ("Retroactive Judgment Summonses"), an enforcement hold on those Retroactive Judgment Summonses to prevent suspension of the registration of vehicles with five or more judgments entered within a 12 month period, see VTL § 510(4-c), removal from the Programs for any company with more than $350 in judgment debt, and booting of vehicles with more than $350 in judgment debt if a company has been removed from the Programs based upon those Retroactive Judgment Summonses.

* * *

12.     The terms of the Agreement may be shared with all NYTDA's members[3] by either DOF or NYTDA.

13.     During the pendency of this action, if a company whose plates are enrolled in the Programs notifies DOF that it has terminated its relationship with NYTDA, nothing contained herein shall prevent said company from making payments to DOF directly, including but not limited to entering into payment agreements with DOF. Furthermore, nothing contained herein shall prevent DOF from accepting any payments made by NYTDA members. Terms of this Agreement shall in no way affect the terms of any agreements, including payment agreements, entered into between any of NYTDA's current or former client companies and DOF.

---

[3] Companies that are members of NYTDA as of the Execution Date.

14.     If at any future time after the execution of the Agreement the parties in this action have a disagreement regarding the application of this Agreement, e.g., payment of New Summonses, categorization of the Subject Summonses in one of the four groups, see supra ¶ 1, the objecting counsel must first notify opposing counsel in writing (delivered by email) of the subject of the dispute and thereafter work to have the problem corrected prior to seeking intervention by the Court.  If the identified problem is not resolved within 21 days of the date of the notice, either party in this action may seek relief from the Court.

15.     Plaintiff acknowledges that, as a broker, as defined in 19 RCNY § 39-09(a)(1), for its members in the Programs, it is responsible for adhering to the provisions of Section 39-09 (a) of the RCNY;  in particular paragraph (8) of RCNY § 39-09 (a).

16.     Nothing contained herein shall be deemed to be a waiver of any defenses available to defendants in this action.

17.     Nothing contained herein shall be deemed to be an admission by the defendants or any of agents of the City of New York that they have acted unlawfully or in any way violated any of Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.

18.     This Agreement shall not be admissible in, nor is related to, any other litigation or settlement negotiations.

19.     The terms of this Agreement expire 10-days after the issuance of a final decision or judgment of the District Court resolving this action.

20.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

21.     This Agreement contains all the terms and conditions agreed upon by the parties hereto to reach this Agreement, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

22.     Counsel for the parties have reviewed and revised this Agreement, and any rule of construction, by which any ambiguities are to be resolved against the drafting party, shall not be applied in the interpretation of this Agreement.

23.     Plaintiff consents to extending defendants' time to answer or otherwise respond to the complaint to January 22, 2020.

24.     Electronic signatures hereon are the equivalent of originals.

Dated: New York, New York
       December ~~XX~~ 19, 2019

AL J. DANIEL, JR.
Daniel Law PLLC
Attorneys for Plaintiff
305 Broadway, 7th Floor
New York, NY 10007
(212) 721-0902

By: _____
    AL J. DANIEL, JR.
    AJD@DanielLawPLLC.com

JULIA LOWENFELD
LOWENFELD LAW FIRM
1706 Sheepshead Bay Road
Brooklyn, NY 11235

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
Attorneys for Defendants
100 Church Street
New York, New York 10007
(212) 356-2179

By: _____Kerri Devine (by YJ)_____
    KERRI A. DEVINE
    Assistant Corporation Counsel
    kdevine@law.nyc.gov

By: _____
    YUNGBI JANG
    Assistant Corporation Counsel
    yjang@law.nyc.gov

(718) 648-4768
julialowenfeld@yahoo.com

ZEHRA J. ABDI
ABDI LAW PLLC
320 West 38th Street
New York, NY 10018-3204
zehra@abdi-law.com

*Counsels for Plaintiff*

Dated: 12/20/2019

So Ordered:

_____
Hon. ERIC N. VITALIANO