# Daniel Law PLLC

February 28, 2020

The Honorable Eric N. Vitaliano   **By ECF**
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   NYTDA, Inc. v. City of New York *et al.*, No. 19-cv-6445 (ENV)(VMS)

Dear Judge Vitaliano:

Plaintiff NYTDA, Inc. respectfully submits this response to defendants' letter request of February 21, 2020 for a pre-motion conference under Your Honor's Individual Rules to discuss their filing of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). NYTDA does not oppose the request for a conference, but believes that defendants' motion to dismiss lacks merit.

NYTDA and its president Kenneth J. Thorpe are registered as brokers under rules of the New York City Department of Finance ("DOF") to act on behalf of owners or lessees of commercial delivery vehicles enrolled in DOF's reduced fine parking programs for New York City established under DOF Rules. 19 RCNY §§ 39.03.1 ("Stipulated Fines Program") and 39-03.2 ("Commercial Abatement Program"). NYTDA acts on behalf of more than 700 members enrolled in these Programs under which DOF agrees to accept payment of reduced fines for parking violations in exchange for members' agreement not to contest notices of violations. NYTDA has been instrumental in making DOF's Programs successful and NYTDA's business model is built around the Programs.

NYTDA's complaint seeks damages, injunctive, and declaratory relief for violation of its due process and equal protection rights under the U.S. Constitution, pursuant to 42 U.S.C. § 1983 and in violation of the N.Y. Constitution. Art. 1, §§ 6 and 7. *Monell v. Department of Social Services*, 436 U.S. 658, 659 (1978); *Mathews v. Eldridge*, 424 U.S. 319 (1975); *Nnebe v. Daus*, ___ F.3d ___ (2d Cir., No 18-866-cv (L), July 19, 2019); *Krimstock v. Kelly*, 306 F.3d 40, 61 (2d Cir. 2002).

In response to NYTDA's motion for an order to show cause for a TRO and preliminary injunction (Dkt. 14), defendants agreed to a proposed Agreement and Consent Order to provide preliminary relief pending the determination of the merits, which the Court "so ordered" on December 20, 2019 (Dkt. 25).

NYTDA has already presented one violation of the Consent Order to defendants which they resolved. NYTDA advised defendants in mid-January 2020 that DOF was continuing to violate the Consent Order by "direct communications from DOF regarding judgments for older summonses, threats of boots and suspensions, and in several cases, actual boots on vehicles."

Al J. Daniel, Jr. ★ Admitted in NY, DC & Ark.

305 Broadway, 7th Floor ★ New York, NY 10007 ★ 212 721 0902 ★ Cell 917 509 9956
AJD@DanielLawPLLC.com ★ www.DanielLawPLLC.com

Email, Jan. 17, 2020, to Kerri Devine *et al.* from Al Daniel. This dispute is pending and will likely come before the Court on NYTDA's application in the near future.

NYTDA's claims of violations by defendants are summarized at Complaint ¶ 5: (1) enforcing parking tickets defendants know are invalid under New York Vehicle & Traffic Law §§ 238(2) and (2-a)(b) because they lack mandatory information required by the statute or contain inaccurate information; (2) deliberately imposing fines and penalties on parking tickets in violation of DOF's own Rules; (3) failing to provide necessary information and financial data to NYTDA to correct erroneous and missed payments resulting in part from DOF's online payment procedures; and discriminating against NYTDA, at least in part, to retaliate against it for prior suits NYTDA brought against the City and DOF.[1]

DOF retroactively changed its policy for enforcement of tickets that violate settled New York law on requirements for valid parking tickets, New York Vehicle & Traffic Law ("VTL") § 238(2) and (2-a)(b) and 19 RCNY § 39-02(a)(3), as well as DOF Rules for calculation of fines and penalties, 19 RCNY §§ 39-03.1(e) and 39-03.2(d) (eff. Mar. 6, 2014). The City erroneously contends that NYTDA's members waived the right to object to these clear violations of law by enrolling in the reduced fines Programs. This Court previously held that a similar waiver in an earlier DOF Enrollment Agreement was insufficient to waive a constitutional challenge to the City's administration of the Program. *NYTDA, Inc. v. City of New York*, Case No. 11-cv-1836 (E.D.N.Y., Aug. 28, 2014) (NGG) (MDG), Memo. & Order 10, Dkt. 96 (constitutional challenge to DOF's administration of the Program "qualitatively different" from challenge to individual tickets). Waivers of constitutional rights must be knowing and voluntary after full disclosure. *Fuentes v. Shevin*, 407 U.S. 67, 94–95 (1972); *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 145 (1967); *Doe v. Marsh,* 105 F.3d 106, 111 (2d Cir.1997). Such "waivers" in this context are akin to plea deals in criminal cases. *United States v. Feldman*, ___ F.3d ___, No. 17-2868 (2d Cir., Sept. 17, 2019), slip op. 17-18 ("The [g]overnment is required to observe high standards of integrity and honorable conduct").

The City boldly asserts that DOF is neither required to comply with statutory requirements for a valid parking ticket for Program Enrollees, as long upheld by New York courts, nor to comply with its own Rules in calculating fines and penalties. These violations have cost Plaintiff millions of dollars, imminently threaten Plaintiff's business, as well as the livelihood of hundreds of Plaintiff's innocent members, predominantly small businesses. The City's argument that Plaintiff has no protected property interest in its livelihood – what appears to be the gravitas of the City's planned motion to dismiss – misinterprets or misapplies well-recognized principles of constitutional law.

---

[1] NYTDA brought suit against the City in 2011 for DOF's violations of these same Programs where DOF was repeatedly issuing notices of violations contrary to DOF's own Programs rules. *NYTDA, Inc. v. City of New York*, No. 11-cv-01836 (NGG)(MDG) (E.D.N.Y.). In that case, the Court held that NYTDA had standing to recover for its own injuries, apart from those of its members. This Court certified a class of NYTDA's members who joined that action, and approved a very substantial settlement for class members, including fees and costs, and a separate award to NYTDA for its own injuries.

Al J. Daniel, Jr. ★ Admitted in NY, DC & Ark.
305 Broadway, 7th Floor ★ New York, NY 10007 ★ 212 721 0902 ★ Cell 917 509 9956
ajd@DanielLawPLLC.com ★ www.DanielLawPLLC.com

2

The City's deliberate failure to comply with its own regulations is arbitrary governmental action proscribed by the Due Process Clause. *C.A.U.T.I.O.N., Ltd. v. City of New York,* 1994 WL 45553 (S.D.N.Y. 1994). Defendants' violations of New York law and New York City Rules have been and are denying Plaintiff and its Program Enrollees due process and equal protection of the law, required by the U.S. and New York Constitutions, U.S. Const. amend. XIV; N.Y. Const. art. I, §§ 6 and 7. *Monell*, *supra*; *Mathews*, *supra*; *Nnebe v. Daus*, *supra*. NYTDA has a property interest in its business and in its brokerage license from DOF. *Barry v. Barchi,* 443 U.S. 55 (1979); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *Bell v. Burson*, 402 U.S. 535, 539 (1971). Plaintiff has a property interest in both its brokerage license with DOF and in its revenues derived in part from savings on fines for its members. Thorpe Decl. ¶ 2 (Dkt. 14-2). The City's actions also violate substantive due process. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 789 (2d Cir. 2007) (an 'ultra vires' act, is "sufficiently arbitrary to amount to a substantive due process violation"); *accord*, *TZ Manor, LLC v. Daines*, 815 F.Supp.2d 726, 745 (S.D.N.Y. 2011).

NYTDA assumes that the Court will permit defendants to file a motion to dismiss. The City and two other defendants were served with the complaint on November 18, 2019 and the last defendant was served on November 20, 2019. Plaintiff agreed to two extensions of time for defendants to answer or move, giving defendants 90 days already to respond to the complaint.

Thus, NYTDA is mainly concerned that the briefing schedule provide NYTDA with ample time to oppose defendants' motion, in light of the generous time defendants have already had to prepare their motion. Depending up the content of defendants' full motion, NYTDA may choose to amend its complaint under Fed. R. Civ. P. 15(a)(1).

        Respectfully submitted,

        Al J. Daniel, Jr.

Zehra J. Abdi          Julia Lowenfeld
Abdi Law PLLC          Lowenfeld Law Firm

*Attorneys for Plaintiff NYTDA, Inc.*